STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-830


SANDRA FRUGE BAZINET
VERSUS
STANDARD NATIONAL LIFE INSURANCE


**********
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 02
PARISH OF RAPIDES, NO. 03-9250
HONORABLE JASON GERARD OURSO, DISTRICT JUDGE


**********
ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Glenn B. Gremillion,  Judges.

APPEAL DISMISSED.


Adam Gerard Caswell
Attorney at Law
Post Office Box 1600
Eunice, LA 70535
(337) 457-7378
COUNSEL FOR PLAINTIFF/APPELLEE:
        Sandra Fruge Baziet

Thomas Benjamin Delsa, Esq.
Rabalais, Unland & Lorio
5100 Village Walk - Suite 300
Covington, LA 70433
(985) 893-9900
COUNSEL FOR DEFENDANT/APPELLANT:
        Standard National Life Ins. Co.

THIBODEAUX, Chief Judge.

This court issued, *sua sponte*, a rule ordering the defendant-appellant, Standard National Life Insurance, to show cause, by brief only, why its appeal in this matter should not be dismissed as having been taken from a non-appealable, interlocutory order. On July 21, 2006, this court received Standard National's response to the rule. For the reasons given herein, we hereby dismiss the appeal.

On March 6, 2006, the trial court held a hearing in this matter at which Standard National moved that, because no evidence showed fault on its part warranting penalties and attorney fees, those claims should be dismissed. The trial court granted the motion. The trial court did not issue any written judgment.

The plaintiff then filed a motion to reconsider; that motion is construed by this court as a motion for new trial. On April 10, 2006, the trial court signed a judgment granting the plaintiff's motion for reconsideration of its dismissal of the claims for penalties and attorney fees in this workers' compensation matter. The judgment was signed on April 12, 2006.

On April 19, 2006, Standard National filed a Motion for Suspensive Appeal from the April 12 judgment. The trial court signed an order granting the Motion for Suspensive Appeal on April 28, 2006.

The record in this appeal was lodged with this court on June 29, 2006. This court issued the rule to show cause under consideration herein on this same date. Standard National filed a brief in this court on July 21, 2006.

Because the trial court ordered an amendment to the plaintiff's petition, the judgment challenged here by the defendant is not final, but rather is an

1

interlocutory judgment. La.Code Civ.P. art. 1841. Under La.Code Civ.P. art. 2083, as amended effective January 1, 2006, interlocutory judgments are appealable only when expressly provided by law. Standard National has not asserted and has not shown that any law expressly provides for the appeal of the trial court's interlocutory judgment.

Accordingly, we dismiss Standard National's appeal of the judgment dated April 12, 2006 granting the plaintiff's motion to reconsider at Standard National's cost.

**APPEAL DISMISSED.**